UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K-FAB INC., et al., <br><br>                Plaintiffs, <br>   v. <br><br>ROSCOMMON INSURANCE Co., et al., <br><br>                Defendants. | CIVIL ACTION NO. 4:23-CV-01039 <br><br>(MEHALCHICK, J.) |

## MEMORANDUM

Plaintiffs K-Fab, Inc. Employee Benefit Plan and K-Fab, Inc., individually and on behalf of Plan Participants ("collectively, "Plaintiffs") initiated this action on June 22, 2023, by filing a complaint against Defendants Roscommon Insurance Company ("Roscommon"), Roscommon Member Plan Master Trust ("Trust"), Stone Mountain Risk, LLC ("Stone Mountain"), and Risk Partner, Inc. ("Risk Partners") (collectively, "Defendants"), alleging that Defendants breached, or conspired to breach, the terms of a stop-loss policy by failing to reimburse Plaintiffs for medical costs incurred by K-Fab's plan members. (Doc. 1). Defendants move to dismiss the complaint, or in the alternative, to stay the case. (Doc. 29). For the foregoing reasons, Defendants' motion will be **DENIED**. (Doc. 29).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following allegations are taken from Plaintiffs' complaint (Doc. 1). K-Fab, Inc., ("K-Fab") is a corporation organized in the Commonwealth of Pennsylvania and is the sponsor of the K-Fab, Inc. Employee Benefit Plan (the "Plan"), an employee welfare benefit plan that provides group medical benefits to certain eligible employees of K-Fab and their eligible dependents in Pennsylvania. (Doc. 1, ¶¶ 5-8). In 2022, K-Fab transitioned to a self-funded health insurance plan, with K-Fab funding a Trust "Claim Fund" to pay eligible

medical claims of its employees. (Doc. 1, ¶¶ 22-25). As part of the plan, K-Fab maintains a stop loss indemnity policy, or "the Policy." (Doc. 1, ¶ 14). The Policy requires Rosscommon to reimburse the Trust for those excess claims of a pre-determined attachment point, or aggregate deductible, as set forth under the Policy. (Doc. 1, ¶ 31). K-Fab also agreed to enter into a contract with a third-party administrator, 90 Degree Benefit, to process all claims set for benefits under the Plan. (Doc. 1, ¶¶ 31f, 34). Plaintiffs allege that Defendants breached the terms of the Policy by failing to pay and continuing to fail to pay payments to Plaintiffs due under the Policy, despite meeting the Aggregate Deductible and receiving all information requested or required under the Policy. (Doc. 1, ¶¶ 70-84). As a result, Plaintiffs allege that they have had "to expend thousand of dollars to pay claims in excess of the Aggregate Deductible stated in the Policy." (Doc. 1, ¶ 88).

Plaintiffs assert five counts: Breach of Contract (Count I); Breach of Contract Accompanied by a Fraudulent Act (Count II); Bad Faith Denial of Insurance Claims (Count III); Civil Conspiracy (Count IV); and violation of Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132,  § 502(a)(3) (Count V). (Doc. 1, at 18-27). Plaintiffs seek common law and statutory remedies in the form of actual, special, consequential, and punitive damages as well as reimbursement, prejudgment interest, equitable relief, and attorney's fees, costs, and expenses. (Doc. 1, at 2, 17 ¶ 89).

On August 22, 2023, Defendants filed Answers with affirmative defenses to Plaintiffs' complaint. (Doc. 17; Doc. 18; Doc. 19; Doc. 23). On October 16, 2023, Defendants filed a motion to dismiss and a brief in support of its motion. (Doc. 29; Doc. 30). On October 30, 2023, Plaintiffs filed a brief in opposition. (Doc. 31). On November 6, 2023, Defendants filed a reply brief. (Doc. 32). The Court conducted oral argument on the motion to dismiss on April

3, 2024. (Doc. 34). The motion to dismiss is now ripe and ready for disposition. (Doc. 29; Doc. 30; Doc. 31; Doc. 32).

II.  **MOTION TO DISMISS STANDARDS**

   A.  RULE 12(B)(1)

As justiciability is a jurisdictional issue, the Court will first address Defendants' argument that Plaintiffs' claims are not ripe for review. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (holding that jurisdiction under Article III must be decided "as a threshold matter"). Allegations that a plaintiff's complaint lacks a justiciable controversy are typically analyzed pursuant to Rule 12(b)(1), as they implicate subject matter jurisdiction. *See Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 267-68 (3d Cir. 2016) (noting that the district court analyzed the defendant's motion to dismiss under 12(b)(1) because it concluded that it raised an Article III justiciability issue); *Bateman v. City of W. Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996). Additionally, "federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *See Hartig Drug Co.*, 836 F.3d at 267 (internal quotation marks omitted).

A Rule 12(b)(1) challenge can be either facial or factual. If a defendant's challenge to subject matter jurisdiction depends on a facial attack of the pleadings, the court must consider the allegations of the complaint as true, as it would in regard to a motion to dismiss pursuant to Rule 12(b)(6).[1] *See Mortensen v. First Fed. Savs. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.

---

[1] When reviewing the sufficiency of a complaint pursuant to a motion to dismiss under Rule 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See Foglia v. Renal Ventures Mgmt.*, 754 F.3d 153, 154 n.1 (3d Cir. 2014). However, a complaint must "set out 'sufficient factual matter' to show that the claim is

1977). Where the defendant has not contested the facts in the plaintiff's complaint, a jurisdictional challenge is "by definition, a facial attack." See *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A motion that presents evidence challenging the factual allegations put forth by the plaintiff in the complaint is considered a factual challenge to jurisdiction. See *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176-77 (3d Cir. 2000). In such circumstances, the plaintiff bears the burden of persuasion that jurisdiction exists, and the court is free to weigh evidence presented by each party outside of the pleadings. See *Gould Elecs., Inc.*, 220 F.3d at 176-77.

B. RIPENESS

Article III of the United States Constitution imposes a requirement on federal courts that they may only hear claims where a live case or controversy exists. See *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994). Ripeness is an element of justiciability under Article III, the function of which "is to determine whether a party has brought an action prematurely ... and counsel[ ] abstention until such time as a dispute is sufficiently concrete." See *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (internal citations omitted). "Various concerns underpin [the ripeness doctrine], including ... whether a party is genuinely aggrieved." See *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017). A ripeness challenge requires the Court to examine: (1) "the

---

facially plausible." See *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court need not accept legal conclusions set forth as factual allegations. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Review of the pleadings at the motion to dismiss stage "requires the reviewing court to draw on its judicial experience and common sense." See *Iqbal*, 556 U.S. at 679. Additionally, a court may not assume that a plaintiff can prove facts that the plaintiff has not alleged. See *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

fitness of the issues for judicial decision"; and (2) "the hardship to the parties of withholding court consideration." *See Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

"When making a 'fitness for review' determination, a court considers whether the issues presented are purely legal, and the degree to which the challenged action is final." *Comite' De Apoyo A Los Trabajadores Agricolas v. Perez*, 774 F.3d 173, 183 (3d Cir. 2014). "A claim is not for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Stated differently, "[i]n order for a case to be justiciable, the salient facts must be real, not hypothetical." *See Riehl v. Travelers Inc. Co.*, 772 F.2d 19, 22 (3d Cir. 1985). Therefore, "the essential facts establishing a right to relief ... [must] have already occurred." *See Riehl*, 772 F.2d at 22 . The second prong, hardship to the parties, focuses on "whether the challenged action creates a direct and immediate dilemma for the parties, such that the lack of pre-enforcement review will put the plaintiffs to costly choices." *See Phila. Fed'n of Tchrs. v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998) (internal quotation marks omitted).

III. **DISCUSSION**

Defendants assert that Plaintiffs' claims are not ripe because they have not suffered any damages. (Doc. 30, at 7-10). Specifically, Defendants argue that they are not in breach of the Policy since no claims have been denied, and because Roscommon is currently auditing claims, it is impossible to determine whether Plaintiffs have sustained any damages.[2] (Doc.

---

[2] Defendants argue that a 90 Degree Benefits administrator is at fault for the delay in auditing. (Doc. 30, at 2). Plaintiffs argue that Defendants' excuses are not "credible." (Doc. 31, at 5). Furthermore, Plaintiffs argue that a January 2023 letter between the parties

5

30, at 8-9).

As set forth above, Plaintiffs allege that "[d]espite meeting the Aggregate Deductible under the Policy and receipt of all information requested or required under the Policy, Defendants have failed to make any additional payments under the Policy." (Doc. 1, ¶ 84). As a result, Plaintiffs allege that have had to incur costs in excess of the Aggregate Deductible to pay outstanding claims, representing actual injuries. (Doc. 1, ¶ 88; Doc. 31, at 3-4).

Under these circumstances, the Court finds that Plaintiffs are not seeking a premature adjudication of the merits based upon contingent future events. They have alleged that they have incurred costs as a result of the alleged breach and are seeking recovery for losses. Accordingly, the Court finds that Plaintiffs' claims are ripe for adjudication.

Defendants aver that this action should be stayed pending the completion of the audit. (Doc. 30, at 11). Plaintiffs, in turn, argue that a stay is not warranted in this matter. (Doc. 31, at 7). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Federal courts within the Third Circuit generally evaluate four factors in determining whether to grant a stay of proceedings at the trial court level: "(1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the request is denied; (3) whether other parties will be harmed by the stay; and (4) whether granting the stay will serve the public interest." *Wallace v. Powell*, No. 3:09-CV-0291, 2013 WL 119659, at *1 (M.D. Pa. Jan. 9, 2013) (quoting *State Farm Mut. Auto. Ins. Co. v. Lincow*, No. CIVA. 05-5368, 2007 WL

---

demonstrates that Defendants had sufficient claims data from 90 Degree Benefits in January 2023 to conduct a full analysis. (Doc. 31, at 5).

614103, at *1 (E.D. Pa. Feb. 22, 2007)).

The Court finds that a stay is not warranted. Defendants fail to establish that they will suffer any sort of irreparable harm if the request to stay is denied, other than incurring potentially unnecessary expenses. Further, nothing in the record, either in the briefs or at argument, establishes how long the audit process will take or how long Defendants wish to stay the proceedings.³ (Doc. 30, at 11). An indefinite stay would harm Plaintiffs, as it would delay their ability to obtain a final resolution of these claims. *See Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-cv-01793, 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008) ("Stays of indefinite duration are especially discouraged ...."). Finally, the interests of effective administration of justice warrant denying the stay and allowing the case to proceed in a timely fashion. As such, the Court finds limiting the relevant factors do not weigh in favor of staying this litigation.

## IV. CONCLUSION

For the forgoing reasons, Defendants' motion to dismiss and motion for stay are denied. An appropriate Order follows.

BY THE COURT:

Dated: July 8, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

³ Notably, and as raised in the April 3, 2024, Oral Argument, the Policy provides that "[b]enefits will be paid to the Policyholder as soon as reasonably possible after a request for reimbursement is made." (Doc. 1-2, at 13). However, there is no temporal limitation to the terms "reasonably possible." (Doc. 1-2).